UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL R. THEISEN and | ) | |
| MATTHEW E. THEISEN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:18-CV-253 CDP |
| | ) | |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiffs, Michael and Matthew Theisen, filed this action on October 22, 2018, seeking release from Fulton State Hospital. Before the Court is plaintiffs' motions to proceed in forma pauperis[1], plaintiffs' motion for appointment of counsel and defendant's motion to dismiss plaintiffs' complaint. The Court will grant plaintiffs' motion to proceed in forma pauperis. However, after reviewing plaintiffs' complaint and their litigation history, the Court will order plaintiffs to amend their pleading on a court-form for filing a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. Moreover, plaintiffs' motion for appointment of counsel will be denied at this time, given the Court's instructions to plaintiffs to amend their pleading. Last, the Court will deny defendant's motion to dismiss the complaint, without prejudice.

---

[1]Plaintiffs moved to proceed in forma pauperis. However, plaintiffs' mother paid the full filing fee on their behalf. Because in forma pauperis status confers benefits on litigants aside from payment of the filing fee, the Court will grant plaintiffs' motion to proceed in forma pauperis to the extent plaintiffs wish to avail themselves of the other benefits of "IFP" status, such as reduced copy rates and service on defendant by the U.S. Marshal's Service.

1

**Background**

In June of 2011, Michael and Matthew Theisen were en route from Fort Leonard Wood, Missouri, when they stopped at a Wal-Mart in Stoddard County, Missouri.[2] The Theisen brothers were arrested for damaging a parked car with a shopping cart. They were detained, charged with first-degree property damage, taken to the local police department, and questioned by police. The plaintiffs were then transported to Stoddard County Jail. *See State v. Theisen,* No. 11SD-CR00863-01 and 11SD-CR00872-01 (35th Judicial Circuit, Stoddard County Court); *State v. Theisen,* No. 11SD-CR00862-01 and 11SD-CR00873-01 (35th Judicial Circuit, Stoddard County Court).

In their handwritten, two-hundred-page complaint presently before the Court, plaintiffs allege that at some point during the day of their arrest, plaintiff Matthew Theisen was raped by Stoddard County Jailor Larry Gulley. Plaintiff Matthew Theisen tried to defend himself, a struggle ensued and inmates Chad Williamson and Mike Walker, who were not confined to their cells at the time, joined Gulley in attacking Matthew and Michael Theisen. Plaintiffs claim that Michael was choked, rendered unconscious and confined to a jail cell. Plaintiffs allege that Matthew was raped by multiple individuals including Larry Gulley, inmates Walker and Williamson, and others. Plaintiffs also assert that they were assaulted with a taser.

After the altercation with Larry Gulley and other Stoddard County deputies, plaintiffs were charged with felony assault on a law enforcement officer, as well as felony attempted escape. They allege that they were then held at Stoddard County Jail without a hearing for almost one year, until May 29, 2012. At some point, they were informed that they did not qualify for a public defender,

---

[2]Plaintiffs are Privates First Class in the United States Army. It appears that they had left Fort Leonard Wood without leave ("AWOL").

so their father retained an attorney on their behalf, W. Rance Butler. Plaintiffs assert that without their input, the attorney requested that Stoddard County Court deem the brothers mentally incompetent, although they had not had any competency issues prior to the attacks at Stoddard County Jail. On May 30, 2012, plaintiffs were transferred to the custody of the Missouri Department of Mental Health and confined to Fulton State Hospital.

## Claims in This Action

Although plaintiffs have titled this action, "Official Removal Petition," they have included evidence, by way of filings in state habeas corpus actions, that their state court criminal actions have been stayed and administratively closed at the present time as a result of the state finding plaintiffs permanently incompetent to stand trial. *See, e.g., Theisen v. Stringer*, No. 17CW-CV00246-01 (13th Judicial Circuit, Callaway County Court); *Theisen v. Stringer*, No. 17CW-CV-00230-01 (13th Judicial Circuit, Callaway County Court).[3]

Moreover, included in plaintiff's two-hundred-and-three page complaint are "claims," set forth against several named defendants who are not named in the caption of the complaint. Plaintiffs' claims include allegations for: 1) intentional infliction of emotional distress; 2)

---

[3]These habeas corpus actions were filed by what appears to have been retained counsel on behalf of plaintiffs in 2017 alleging that plaintiffs' due process rights had been violated when their criminal attorney was ineffective in failing to cross-examine the doctor who found plaintiffs incompetent to stand trial. Plaintiff's habeas attorney also asserted that counsel was ineffective for failing to elicit testimony from an expert on plaintiffs' mental state at the time they were found to be incompetent. Habeas counsel also argued that plaintiffs' rights had been violated because their forensic examiner failed to consider the reports of plaintiffs' treating psychiatrist who asserts that plaintiffs do not suffer from a mental disease or defect. Nevertheless, plaintiffs have been held in state custody for more than eight years and have now been found to be permanently incompetent to stand trial and held indefinitely.

excessive force in violation of the Fourth and Fourteenth Amendment[4]; 3) "assault and battery"; 4) "sexual assault"; 5) "electrocution torture"; 6) violations of the Eighth Amendment's prohibition on cruel and unusual punishment; 7) violations of plaintiffs' due process rights and ineffective assistance of counsel in their criminal proceedings, as well as their competency proceedings;[5] 8) unconstitutional civil commitment based on biased evidence that plaintiffs are mentally incompetent; 9) malicious prosecution; 10) violation of the First Amendment right to the free exercise of religion; 11) violation of the First Amendment right to freedom of speech; and 12) alleged violations of other state law torts and Missouri state statutes.

In their prayer for relief, plaintiffs seek counsel to be appointed to represent them in this action. Plaintiffs also request that jurisdiction of their criminal proceedings be remanded to the exclusive jurisdiction of the Military Police at Fort Leonard Wood, Missouri, based on their alleged AWOL status of the time of the incident. There is no indication, however, that the U.S. Army took jurisdiction over plaintiffs' state court criminal matter.

---

[4] Plaintiffs filed suit against Stoddard County, other state and county departments, Stoddard County Commissioner Greg Mathis, and individual employees of the Stoddard County Sheriff's Office, for alleged violations of 42 U.S.C. § 1983 and Missouri state common law arising from their detention and alleged assault at the Stoddard County Jail previously in this Court. *See Matthew Theisen, v. Stoddard County,* No. 1:13-CV-32 CDP (E.D. Mo.). After pretrial rulings in the action, the case went to trial on May 15, 2017, on plaintiffs' claims against Larry Gulley for cruel and unusual punishment, breach of duty to protect, excessive force, battery, and negligence relating to assault. The jury returned a verdict in favor of Gully and against plaintiffs on May 18, 2017. To the extent plaintiffs are attempting to bring the same or similar claims against the same or related defendants, these claims are no doubt barred by the doctrine of res judicata. *See Regions Bank v. J.R. Oil Co.*, LLC, 387 F.3d 721, 731 (8th Cir. 2004) (discussing claim preclusion).

[5] Plaintiffs brought a prior case in this Court for legal malpractice against their retained attorney in their criminal case, W. Rance Butler. *See Theisen v. Butler,* 1:17-CV-84 JAR (E.D.Mo 2019). Defendant Butler was granted summary judgment against plaintiffs on April 17, 2019.

To the extent that plaintiffs are not remanded to the custody of the Military Police, plaintiffs request that their criminal case be removed to this Court and/or an injunction placed on the guardianship/probate proceedings that plaintiffs believe to be occurring in Missouri state court. The state court criminal case plaintiffs seek to remove has been adjudicated, however, and can no longer be considered a state criminal prosecution that can be removed pursuant to 28 U.S.C. § 1443.

Last, plaintiffs seek a finding that under Missouri state law they should not be forced to remain indefinitely in Missouri State custody under a permanent civil commitment finding. However, plaintiffs do not seek damages in this action, but rather injunctive relief only – to be released from confinement.

Thus, from the requested relief, and the statement of claims, it appears that this action is not truly a removal of a criminal action, but instead a hybrid civil rights and habeas action, brought pursuant to what appears to be both 28 U.S.C. § 2254 and 42 U.S.C. § 1983.

The Court notes that the Missouri Assistant Attorney General's Office filed a Motion to Dismiss the complaint on January 23, 2019, on behalf of defendant, the Missouri Department of Mental Health, citing several grounds for relief. In the motion, defendant claims that plaintiffs were found to be permanently incompetent on February 2, 2017, in their criminal actions. Thus, defendant asserts that the criminal case has been suspended and placed on an inactive docket pending further proceedings in Missouri Probate Court, pursuant to either Chapter 475 or Chapter 632 of the Missouri Revised Statutes.[6]

---

[6]Chapter 475 of the Missouri Revised Statutes is titled Trusts and Estates of Decedents and Persons Under Disability. Section 632.300, *et seq.* of the Missouri Revised Statutes relates to

Defendant further asserts that to the extent plaintiffs are asserting that their criminal action is subject to removal, this Court lacks jurisdiction over such an argument. Specifically, defendant asserts that pursuant to the *Rooker-Feldman* doctrine and *Younger* abstention[7], this Court should abstain from entertaining plaintiffs' arguments relating to their purported unconstitutional civil commitment. Defendant also alleges that the defense of sovereign immunity bars any claim against the Missouri Department of Mental Health.

**Discussion**

The Court has reviewed Missouri.Case.Net, and found that plaintiffs' criminal cases are no longer accessible to this Court since they have been placed on the inactive docket. Moreover, proceedings in front of Missouri Probate Court are also not available on Missouri.Case.Net; thus, this Court is unable to ascertain whether plaintiffs have been assigned a guardian in Missouri Probate Court or if they have been civilly committed under § 632.300 indefinitely.

What is apparent, however, from Missouri.Case.Net, as well as plaintiffs' litigation history in this Court, is that plaintiffs have been attempting to ascertain the status of their civil commitment for approximately seven years, or since they have been committed in the Missouri State system. Given that plaintiffs only seek injunctive relief, or release from confinement, and do not seek damages, such litigation is better heard in habeas corpus.

Moreover, it appears that plaintiffs have already exhausted all other avenues for § 1983 and state tort relief against the named defendant (the State Department of Mental Health), and

---

civil detention procedures.
[7]*See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) and *Younger v. Harris*, 401 U.S. 37 (1971).

others similarly situated, in prior litigation. *See Regions Bank v. J.R. Oil Co.*, LLC, 387 F.3d 721, 731 (8th Cir. 2004) (discussing claim preclusion).

As such, the Court will allow plaintiffs to amend their petition in habeas corpus on a court-provided form, relative to their civil commitment, within thirty (30) days of the date of this Memorandum and Order. Plaintiffs should be mindful that under Rule 2 of the Rules Governing Habeas Corpus Cases, the proper respondent is the state officer having custody of petitioners, or the current Warden of Fulton State Hospital.

Additionally, plaintiffs should fill out the court-form completely. However, it is unnecessary to attach additional pages to the court-form. Furthermore, to the extent plaintiffs are seeking conditional or unconditional release, pursuant to Missouri Revised Statutes § 552.040 or another Missouri Statute[8], plaintiffs must have first exhausted their state court remedies prior to pursuing their habeas remedies in this Court. To satisfy the exhaustion requirement, a person confined in the Missouri State Hospital must apply for release under section 552.040. Additionally, if the application for release is denied, the confined person must appeal to the Missouri Court of

---

[8]Conditional release is for a limited duration and is qualified by reasonable conditions. *See* § 552.040.10(3). To obtain conditional release a petitioner must prove, by clear and convincing evidence, that he is not likely to be dangerous to others while on conditional release. § 552.040.12(6). A conditional release implies that despite a mental disease or disorder, the committed person is eligible for limited freedom from a mental health facility, subject to certain conditions. *Greeno v. State*, 59 S.W.3d 500, 504 (Mo. banc 2001).
Unconditional release, by contrast, can be granted only if the petitioner shows by clear and convincing evidence that he does not have, and in the reasonable future is not likely to have, a mental disease or defect rendering him dangerous to the safety of himself or others. § 552.040.7. Thus, Missouri places the burden on the insanity acquittee to prove he or she qualifies for conditional or unconditional release by clear and convincing evidence.[8] *Grass v. Reitz*, 643 F.3d 579, 581 (8th Cir.2011); Mo.Rev.Stat. §§ 552.040.7(6) & 552.040.12(6); *State v. Rottinghaus,* 310 S.W.3d 319, 324 (Mo.Ct.App.2010).

Appeals prior to filing a petition for writ of habeas corpus in this Court. *Kolocotronis v. Holcomb*, 925 F.2d 278, 279 (8th Cir.1991).

In light of the aforementioned, the Court will grant plaintiffs' motions to proceed in forma pauperis. The Court will also deny defendant's motion to dismiss, without prejudice. Last, because plaintiffs are being directed to file a petition for writ of habeas corpus, the Court will deny their motion for appointment of counsel at this time. To the extent plaintiffs wish to renew their motion later, they may do so.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motions to proceed in forma pauperis [Doc.#2 and #4] are **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiffs' motion for appointment of counsel [Doc. #14] is **DENIED** at this time.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss [Doc. #12] is **DENIED** without prejudice.

**IT FURTHER ORDERED** that the Clerk is directed to send plaintiffs a court form for filing a § 2254.

**IT IS FURTHER ORDERED** that plaintiffs shall file an amended petition for habeas corpus pursuant to 28 U.S.C. § 2254 on a court-provided form no later than thirty (30) days from the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that plaintiffs' failure to comply with this Court's Memorandum and Order in a timely manner will result in a dismissal of this action, without prejudice.

Dated this 12th day of August, 2019.

_Catherine D. Perry_
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE