# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| MICHAEL R. THEISEN and, <br> MATTHEW E. THEISEN, <br>     Petitioners, <br><br> v. <br><br> STATE OF MISSOURI, <br>     Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> )    No. 1:18-CV-253 CDP <br> ) <br> ) <br> ) <br> ) |

## **MEMORANDUM AND ORDER**

Before the Court is petitioners' motion to set aside the 2019 dismissal of this action. The case was dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure after plaintiffs failed to file an amended petition for writ of habeas corpus on a court form. Because this matter has been closed for almost four years and petitioners have failed to show a valid reason for reopening the present matter, the Court will deny petitioner's motion.

Petitioners, Michael and Matthew Theisen, filed the instant action on October 22, 2018, seeking release from detainment in the Missouri Department of Mental Health.[1] Petitioners' pleading before this Court was a hybrid petition, including claims relating to 42 U.S.C. § 1983, as well as claims more aptly brought under the habeas corpus statute, 28 U.S.C. § 2254. However, because petitioners' § 1983 claims had already been litigated in this Court to a jury verdict and were barred by the doctrine of res judicata,[2] and petitioners' requested relief was release from the

---

[1] Petitioners were found permanently incompetent to stand trial in the State of Missouri on February 2, 2017. *See Theisen v. Stringer*, No. 17CW-CV00246-01 (13th Jud. Cir., Callaway County); *Theisen v. Stringer*, No. 17CW-CV-00230-01 (13th Jud. Cir., Callaway County). They have been in the custody of the Missouri Department of Mental Health almost twelve years.

[2] *See Theisen, et al. v. Stoddard County,* No. 1:13-CV-32 (E.D.Mo. 2017).

Department of Mental Health, the Court ordered petitioners on August 12, 2019, to amend their claims on a court form for bringing a writ of habeas corpus. When petitioners failed to file an amended petition in a timely manner, the Court dismissed this action on September 19, 2019, pursuant to Rule 41(b) for failure to comply with a Court Order.

In the motion to set aside the Order of Dismissal, petitioners argue that the case should be reopened because after this case was dismissed in 2019, the State of Missouri refiled criminal charges against them in Stoddard County Court. *See State v. Matthew Theisen*, No. 20SD-CR00252 (35th Jud. Cir., Stoddard County) and *State v. Michael Theisen*, No. 20SD-R00251 (35th Jud. Cir., Stoddard County). Thus, they seek to "remove" the criminal cases to this Court pursuant to 28 U.S.C. § 1443.

As noted, however, the filing of the criminal cases occurred after the Court dismissed this action. And at the time this action was still pending, no criminal cases were pending against petitioners in Missouri State Court. *See* ECF No. 16, p.3. Petitioners admitted this in their pleading filed on October 22, 2018, when they noted that the Stoddard County Circuit Court ruled:

> it is the opinion of the examiner that Defendant[s] lack mental fitness to proceed and there is no substantial probability that Defendant[s] will be mentally fit to proceed in the reasonably foreseeable future. There have been no objections filed and/or no request for additional examinations by Defendant[s] or by the Prosecuting Attorney, and the time for filing same has passed.

ECF No. 1-9, pp. 92-99.

Petitioners claimed that the Court further noted:

> proceedings in this cause be suspended and [the criminal cases] placed on the Mental Inactive Case Listing Docket pending proceedings in the Probate Division of the Circuit Court pursuant to Chapter 475, RSMo, or Chapter 632, RSMo, to determine if the Defendant[s] shall be adjudicated incapacitated and a guardian appointed or involuntarily detained for treatment.

*Id.*

Although it appears that petitioners were charged with new criminal actions in Stoddard County on March 6, 2020, this occurred after the dismissal of this action. *See State v. Matthew Theisen*, No. 20SD-CR00252 (35th Jud. Cir., Stoddard County) and *State v. Michael Theisen*, No. 20SD-R00251 (35th Jud. Cir., Stoddard County).

Petitioners had notice of the new criminal filings in Stoddard County as early as July 6, 2022, when the Court notified petitioners of the filings in a Memorandum and Order requiring petitioners to file an amended application for writ of habeas corpus in a new § 2254 filed on June 17, 2022. *See, e.g., Theisen, et al. v. Huhn*, 4:22-CV-644 MTS (E.D. Mo. 2022) (case dismissed on July 6, 2022 for failure to file an amended petition); and *Theisen v. Huhn*, 4:22-CV-715 NAB (E.D. Mo 2022) (voluntary dismissal of action granted on July 29, 2022).

For these reasons, the Court will decline to alter or amend the dismissal entered on September 19, 2019 in this matter. The Court concludes that petitioner's motion to set aside the dismissal fails to point to any manifest errors of law or fact, or any newly discovered evidence that would have changed the course of the outcome in this matter. Instead, it is apparent that petitioners are attempting to reopen a long-closed case in this District Court that was properly closed due to petitioner's failure to comply with a Court Order. Petitioners are therefore not entitled to reconsideration of the dismissal of the petition, and the motion to set aside will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to set aside the Rule 41 dismissal of the pleading in this matter [Doc. #18] is **DENIED**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue and an appeal would not be taken in good faith.

**IT IS FURTHER ORDERED** that the Clerk shall not accept any additional motions or correspondence in this closed action save for those related to an appeal.

Dated this 29th day of June, 2023.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE